IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARDELL ABRAMS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 25-CV-2846 |
| SUPERINTENDENT J. TERRA, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

SCOTT, J.                                                                                                                                   JUNE 10, 2025

      Mardell Abrams, a prisoner incarcerated at SCI Phoenix ("SCIP"), filed this civil rights action against seven employees of the Pennsylvania Department of Corrections in both their individual and official capacities over an incident that occurred on January 18, 2024 involving Abrams and his cellmate.[1] Abrams also seeks leave to proceed *in forma pauperis*. Leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed with leave to amend in part.

## I.    FACTUAL ALLEGATIONS[2]

      Abrams alleges that on January 18, 2024 at approximately 11a.m. he told Defendant McAfee that he was having a dispute with his cellmate and that one of them needed to be moved out of the cell. (Compl. at 7.) McAfee said she would talk to Defendant Sgt. Green, but she took

---

    [1] The named Defendants are SCIP Superintendent J. Terra, K. Owens, Chief Grievance Coordinator Keri Moore, G. Martin, Correctional Officer McAfee, Sgt. Green, and Unit Manager Thomas.

    [2] The factual allegations are taken from Abrams's Complaint (ECF No. 2) as well as grievance and other materials Abrams attached thereto (ECF No. 2-1). The Court considers the entire submission to constitution the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

too long, and Abrams spoke to Green himself. (*Id.*) Green told him he would notify Defendant Unit Manager Thomas. (*Id.*)

Abrams then went to sleep because "nothing was done." (*Id.*) While he slept, the cellmate "made hot stinger water & Vaseline" and threw the scalding hot water on Abrams causing first- and second-degree burns to back of his neck. (*Id.*) Abrams claims that was not the first time the cellmate had "done this," apparently referencing that the cellmate had thrown hot water previously but not entirely clear.[3] (*Id.* at 6.) He was taken to the medical unit where photos and videos were taken of his injuries. (*Id.* at 7.) Abrams filed a grievance against McAfee, Green, and Unit Manager Thomas over the incident on January 28, 2024, asking for money damages. (ECF No. 2-1 at 2.) Defendant K. Owens denied his grievance on February 14, stating "[a]t no point do you state that you attempted to speak to a counselor or the unit manager about your issues, nor did you attempt to put in a cell agreement with another individual. Furthermore, having contraband in your cell, a stinger to make hot water, is a violation of the rules and regulations." (*Id.* at 3.) Abrams appealed the result arguing that he did not have time to apply for a cell change and did not know at the time that the cellmate was dangerous. (*Id.* at 4-5.) Defendant Superintendent Terra upheld Owens's decision because Abrams failed to file the appeal within the time period provided in DC-ADM 804, the regulation governing inmate grievances. (*Id.* at 6.) Defendant Keri Moore on behalf of Chief Grievance Officer D. Varner denied Abrams's final appeal because he failed to provide the Office of Inmate Grievances &

---

[3] The Court notes that he attached to the Complaint a copy of a plea agreement indicating the cellmate was convicted of third-degree murder. (ECF No. 2-1 at 9.) But Abrams does not explain the relevance of the attachment in the Complaint.

Appeals with legible documentation.[4] (*Id.* at 7.) Abrams seeks money damages for violation of the Eighth Amendment and Article I of the Pennsylvania Constitution.[5] (*Id.* at 4, 7.)

## II. STANDARD OF REVIEW

The Court grants Abrams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will

---

[4] Defendant G. Martin is not listed in the caption of the Complaint but is included in lists of named Defendants that Abrams made a part of the Complaint. (Compl. at 2, 4.) Other than including his name in the lists, Abrams does not otherwise mention G. Martin. Accordingly, any claim against G. Martin is not plausible and will be dismissed.

[5] Abrams also seeks a declaration that his rights were violated. (*Id.* at 7.) Declaratory relief is unavailable to adjudicate past conduct, so the request for this declaratory relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[6] Because Abrams is a prison, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915.

accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Abrams is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.   DISCUSSION

Abrams asserts constitutional claims against the DOC employees. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity Claims

Abrams seeks money damages against the DOC employees and has named them in their official as well as individual capacities. The official capacity claims are dismissed because states, their agencies, and state officials acting in their official capacities are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 70-71 (1989). Also, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 70-71. The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claims for money damages Abrams seeks to assert against the DOC employees in their official capacity may not proceed.

### B. Claims Based on Grievances

Abrams names as Defendant individuals who handled his grievance but were not involved in the incident he describes with the cellmate, namely SCIP Superintendent J. Terra, K. Owens, and Keri Moore. All claims based on the handling of his prison grievances are also dismissed because "prisoners do not have a constitutional right to prison grievance procedures." *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)). Accordingly, allegations such as those raised by Abrams predicated on failures of the grievance process or improper handling of or response to grievances do not give rise to a constitutional

claim. *See Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("We agree with the District Court that because a prisoner has no free-standing constitutional right to an effective grievance process, Woods cannot maintain a constitutional claim against Lucas based upon his perception that she ignored and/or failed to properly investigate his grievances." (internal citation omitted)); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (*per curiam*) (explaining that "[i]nmates do not have a constitutionally protected right to the prison grievance process" and that "a state grievance procedure does not confer any substantive constitutional right upon prison inmates" (internal quotations and citations omitted)).

### C. Claims Under the Pennsylvania Constitution

Abrams asserts a claim for violation of Article I of the Pennsylvania Constitution. "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*). As there is no private right of action for damages under the Pennsylvania Constitution, the claims are dismissed. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

### D. Failure to Protect Claim

Abrams asserts an Eighth Amendment claim against Correctional Officer McAfee, Sgt. Green, and Unit Manager Thomas. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d

150, 166 (3d Cir. 2005). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20)). In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson*, 501 U.S. at 298-99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

In the context of suits against prison officials for failure to protect an inmate from harm caused by other inmates, the United States Court of Appeals for the Third Circuit has stated that where a prison official is deliberately indifferent to a pervasive risk of harm to an inmate, an inmate may obtain relief in a § 1983 action. *Young v. Quinlan*, 960 F.2d 351, 361 (1992) (superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000). In *Young*, the Third Circuit expressly found that summary judgment against an inmate's claim was inappropriate where prison officials were warned by an inmate that the inmate was

concerned about his safety and it was undisputed that the prison officials, aware of the warning, either did nothing or their response, if any, came too late to be of any help to the inmate. *Id.* at 363.

In elaborating on the deliberate indifference standard, the Third Circuit stated that "a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." *Id.* at 361. Noting that the phrase "should have known" is a term of art, the Court went on to state that the phrase "should have known"

> [d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. It connotes something more than a negligent failure to appreciate the risk . . ., though something less than subjective appreciation of that risk.

*Id.*, citing *Colburn v. Upper Darby Township*, 946 F.2d 1017 (3rd Cir. 1991).

Furthermore, the "strong likelihood of [harm] must be 'so obvious that a lay person would easily recognize the necessity for' preventive action." *Young*, 960 F.2d at 361 (citing *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987)). There must not only be a great risk of injury, but it must also be so apparent "that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges." *Colburn*, 946 F.2d at 1025; *see also Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) (concluding that "the risk that an inmate with a history of violence might attack another inmate for an unknown reason" was a "speculative risk" insufficient to support a failure to protect claim), *abrogation on other grounds as recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

Abrams's allegations, while troubling, fall short of this mark. He does not allege that prison officials were deliberately indifferent to a *pervasive* risk of harm. Rather, he asserts only that he told McAfee and Green about an apparently isolated instance - that his he and his

cellmate were having a dispute and that one of them needed to be moved out of the cell. (Compl. at 7.) Advising prison staff generically of a "dispute" is not so obvious a risk that a lay person would easily recognize the necessity for preventive action. While Abrams claims that was not the first time the cellmate had "done this," the allegation is vague and undeveloped and does not speak to whether McAfee, Green, or Thomas were previously aware of any pervasive risk to Abrams posed by his cellmate.

For this reason, Abrams's Eighth Amendment claim against McAfee, Green, and Thomas cannot proceed as pled. However, the Court will permit Abrams an opportunity to file an amended complaint to flesh out his claim and provide sufficient facts to "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

## IV. CONCLUSION

For the reasons stated, Abrams's Complaint is dismissed. The following claims are dismissed with prejudice: (1) all official capacity claims; (2) all claims based on grievances; and (3) all claims under the Pennsylvania Constitution. His Eighth Amendment claims against Defendants McAfee, Green, and Thomas are dismissed without prejudice and with leave to amend. An order dismissing the Complaint and providing further information on amendment will be entered separately.

BY THE COURT:

_____
KAI N. SCOTT, J.